**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:   MICHAEL W. BROWNE,

                                    Chapter 7
                                    Case No.  05-28758 (RTL)

        Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES:**

William H. Oliver, Jr., Esq.
Attorney for Debtor

Stuart J. Rabner
Attorney General of New Jersey
Tracy E. Richardson, Esq.
Deputy Attorney General

**RAYMOND T. LYONS, U.S.B.J.**

The Debtor seeks sanctions against the State of New Jersey, Motor Vehicle Commission, ("NJ-MVC") for violating his discharge. NJ-MVC has two claims for surcharges under N.J.S.A. 17:29A-35(b)(2) following convictions for motor vehicle offenses. Both offenses occurred prepetition but one conviction was prepetition while the other was postpetition. Because the events giving rise to NJ-MVC's claim (i.e., the motor vehicle offenses) occurred prepetition, the claims have been discharged and NJ-MVC's collection efforts violated the discharge injunction of Section 524(a)(2) of the Bankruptcy Code.

## JURISDICTION

This court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all proceedings arising under Title 11 of the United States Code to the bankruptcy court. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I), determination of dischargeability of a particular debt.

## FINDINGS OF FACT

The chronology of events is as follows:

1. August 6, 2004, the Debtor received a summons for driving under the influence ("DUI") in Manchester Township.

2. November 3, 2004, the Debtor received a summons for refusal to submit to a breathalyzer ("Refusal") in Dover Township.

3. February 2, 2005, the Debtor was convicted of Refusal (the 11/03/04 offense).

4. June 6, 2005, the Debtor filed a petition under chapter 7 of the Bankruptcy Code. NJ-MVC was scheduled as a creditor and received notice.

5. June 22, 2005, the Debtor was convicted of DUI (the 8/06/04 offense).[1]

6. June 30, 2005, NJ-MVC sent a letter to the Debtor acknowledging his bankruptcy, warning him that he may continue to receive notice of surcharges and that he should contact NJ-MVC to request a "bankruptcy hold" to stop further collection efforts.

7. July 14, 2005, NJ-MVC mailed an Initial Notice of Insurance Surcharge Assessment of

---

[1] Mr. Browne certifies that he has paid the fines that were imposed for both motor vehicle offenses. Presumably, his driving privileges were suspended as well.

$1,000.00 for the postpetition DUI conviction on June 22, 2005.

8. August 25, 2005, NJ-MVC mailed a Notice of Proposed Suspension of Mr. Browne's driving privilege for failure to pay the surcharge for the DUI offense.

9. The Debtor received a discharge on September 23, 2005. NJ-MVC was notified.

10. September 29, 2005, NJ-MVC mailed an Installment Plan Enrollment Notice. Mr. Browne was granted the right to pay the DUI surcharge in installments of $84.00 per month. He made payments in September, October, November and December 2005 and January and February 2006.

11. March 2, 2006, NJ-MVC mailed an Installment Payment Plan Modification Notice that added a $1,000.00 surcharge for the prepetition Refusal conviction to the balance of $496 due on the surcharge for DUI. The monthly payments under the modified installment plan increased to $136. This $1,000 was the year 2 surcharge for the 2/02/05 Refusal conviction. Although NJ-MVC concedes this surcharge was discharged, its computer was not programmed to cease generating notices on discharged surcharges.[2]

---

[2]NJ-MVC employs a computer system that automatically generates notices of surcharges due in each year when a $1,000.00 annual surcharge becomes due. The system will continue to send notices to a bankrupt debtor. In these cases, the Surcharge Administration Office of NJ-MVC will advise the debtor in writing that additional notices may be received after the bankruptcy filing. The letter instructs the debtor to contact the Surcharge Administration Office of NJ-MVC so that a "bankruptcy hold" can be placed on surcharges subject to discharge and collection efforts may be suspended. The bankruptcy hold, however, is only effective within the one year period for which the system generates surcharge notices. If a debtor remains obligated to pay NJ-MVC surcharges for more than one year, the system will begin generating a new round of surcharge notices for the upcoming annual period. No bankruptcy hold can be placed on an account until the annual period begins, even if it is clear that the debtor is protected by the automatic stay or discharge injunction.

At the initial hearing on this matter, the court inquired whether NJ-MVC could reprogram its computer to stop sending collection notices on discharged surcharges. The hearing was continued to permit the State to respond to the court's inquiry. NJ-MVC advises that a new

12. May 15, 2006, Debtor's attorney wrote to NJ-MVC complaining about the State's efforts to collect the surcharges.

13. May 16, 2006, a "bankruptcy hold" was placed on NJ-MVC's computer system so that no further notices will be sent for this year 2 $1,000.00 surcharge for the prepetition Refusal conviction.

NJ-MVC has sent numerous collection notices to the Debtor. The Debtor alleges that NJ-MVC has violated his discharge by seeking to collect the surcharges. NJ-MVC agrees that the surcharges arising from the Refusal conviction are dischargeable because the conviction occurred before the filing of the Debtor's petition. NJ-MVC contends that the surcharge arising from the DUI conviction is nondischargeable because the conviction occurred postpetition.

### DISCUSSION

Under the Bankruptcy Code, a discharge acts as "an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). The "such debt" referred to is any debt discharged under section 727(b) – that is all debts that arose before the petition. The court has the authority to enforce the debtor's discharge by use of contempt, injunctions, sanctions, fines and awards of attorneys fees. See *In re Rosteck*, 899 F.2d 694 (7th Cir. 1990), *In re Meyers*, 344 B.R. 61 (Bankr. E.D.Pa. 2006).

There are two issues in this case:

1. Whether NJ-MVC should be sanctioned for admittedly violating the discharge

---

computer system will be operational in June 2007. Under the new system, once a debtor's bankruptcy information is entered by NJ-MVC, the new system will automatically prevent future notices from being issued on dischargeable surcharges.

injunction by sending collection letters for the Year 2 surcharge on the discharged Refusal conviction, and the anticipated violation of the discharge injunction when the Year 3 surcharge comes up.

2. Whether NJ-MVC's claim for surcharge arising from the prepetition DUI offense, resulting in a postpetition conviction, is properly deemed a prepetition or postpetition obligation.

*Surcharges*

"One of the collateral consequences for the violation of motor vehicle laws in New Jersey is the imposition of surcharges against the driver. In particular, *N.J.S.A.*17:29A-35(b) (the 'surcharge statute') establishes a rating plan under which the MVC levies surcharges on drivers in one of several situations." *In re Schick*, 418 F.3d 321, 324 (3d Cir. 2005) (emphasis added). For driving under the influence (DUI) or refusal to submit to a breathalyzer, the surcharge is $1,000 per year for three years.

The evolution of the New Jersey Merit Rating Plan has been detailed by the bankruptcy court in *Pulley v. Legreide (In re Pulley)*, 295 B.R. 28 (Bankr. D.N.J. 2003), aff'd 303 B.R. 81 (D.N.J. 2003) and *In re Adams*, 106 B.R. 811 (Bankr. D.N.J. 1989). Mr. Browne was convicted of two violations and was liable for two surcharges totaling $6,000.00. Failure to pay the surcharges could result in suspension of driving privileges. N.J.S.A. 17:29A-35b.(2)(b).

*Prepetition Refusal Conviction*

NJ-MVC agrees that its claim for surcharges relating to the Refusal offense and conviction was discharged since both the offense and conviction occurred prepetition. See *Pulley v. Legreide (In re Pulley)*, 303 B.R. 81 (D.N.J. 2003). Nevertheless, NJ-MVC sought to

5

collect this discharged debt when it issued its Installment Payment Plan Modification Notice on March 2, 2006.  Furthermore, NJ-MVC will send another collection notice next year for the year 3 $1,000.00 surcharge related to this discharged debt.  NJ-MVC rationalizes its clear violation of the discharge injunction by blaming its computer that automatically generates collection letters each year.  Additionally, NJ-MVC minimizes its disregard of the Bankruptcy Code by shifting the burden to the Debtor to request a "bankruptcy hold".  That is not what Congress had in mind when it imposed "an injunction against . . . an act, to collect" a discharged debt.  11 U.S.C. § 524(a)(2).  Sanctions for violating the discharge injunction are appropriate.

The Debtor hired a lawyer who contacted NJ-MVC; thereafter, collection efforts on the year 2 surcharge ceased.  Even following this motion, NJ-MVC has yet to reprogram its computer so that the year 3 surcharge notice will not issue.  The Debtor's attorney moved to reopen his case and seeks to prevent further violations.  The Debtor is entitled to be reimbursed for the legal fees he incurred as a result of this admitted violation of the discharge injunction and the anticipated violation next year.

### *Postpetition DUI Conviction*

NJ-MVC cites several cases that state that the right to payment on surcharge debt under N.J.S.A. 17:29A-35 arises upon conviction.  *Lugo v. Paulsen*, 886 F.2d 602 (3d Cir. 1989) (stating that the right to payment on a surcharge debt arises on the date of conviction); *In re Christensen*, 95 B.R. 886, 894-95 (Bankr. D. N.J. 1988) (stating that the claim arose on the date of the debtor's conviction); *In re Adams*, 106 B.R. 811, 823 (Bankr. D. N.J. 1989) (finding that the claim arose upon conviction under state law).  However, as Debtor's counsel points out, in each of those cases the date of conviction and the date of the offense both occurred prepetition.

None of those courts was faced with the situation here, where the offense occurred prepetition and the conviction occurred postpetition.

The Third Circuit decision in *Frenville* is cited by both parties to support their position. *Avellino & Bienes v. M. Frenville Co.* (*In re Frenville*), 744 F.2d 332 (3d Cir. 1984). *Frenville* grew out of a suit initiated by the lenders against the debtor's accounting firm. The accounting firm sought relief from the automatic stay to join the debtor as a third-party defendant for the purpose of obtaining indemnification or contribution from the debtor for any losses suffered by the accounting firm in the pending suit. While the basis of the suit and relationship between the accounting firm and the debtor occurred in the prepetition period, the suit between the lenders and the accounting firm arose fourteen months after the debtor was forced into an involuntary chapter 7 case. The court was faced with the issue of whether the automatic stay applied when the debtor's acts which form the basis of a suit occurred prepetition, but the actual cause of action did not arise until after the petition was filed. Central to the holding of the court was a distinction between determining a cognizable claim and determining when the obligation arose.

> While federal law controls which claims are cognizable under the Code, the threshold question of when a right to payment arises, absent overriding federal law, "is to be determined by reference to state law".
>
> *Frenville* at 337.

The court held that the accounting firm had no right to payment under New York law for indemnification against the debtor until it was first sued by the lenders. The accounting firm was not presented with a suit on which it could articulate a third-party claim until well within the postpetition period. As a result, the court determined that the automatic stay and discharge provisions of the Code were inapplicable to the claim because it arose in the postpetition period.

7

Here, the DUI offense and the municipal court summons both happened prepetition, but the debtor was not convicted until after filing bankruptcy. As the Third Circuit wrote in *Schick* surcharges are a consequence of a motor vehicle violation. 418 F.3d at 324. It is the offense that gives rise to the right to payment. The conviction is merely confirmation that the offense, indeed, was committed.

The Debtor contends that because all of the events giving rise to NJ-MVC's claim occurred in the prepetition period, the claim should be considered subject to discharge. In support of its argument, the Debtor cites *In re Gullone*, 301 B.R. 683 (Bankr. D.N.J. 2003) (stating that where prepetition acts give rise to litigation extending into the postpetition period, the necessary focus of inquiry shifts to the time when the cause of action commenced).

In *Gullone*, the debtor filed an action against his former employer in New Jersey Superior Court in May of 2001 and the employer filed for dismissal of the complaint along with costs and attorney fees in the following June. The debtor later filed for bankruptcy in September of 2001. While the employer accrued costs and attorney fees following the filing of the debtor's bankruptcy petition, the court found that the employer's right to payment accrued when the debtor filed his action against the employer in May 2001. As a result, all obligations associated with the debtor's suit against his former employer were considered prepetition and ultimately dischargeable under the Code. Instead of determining when the particular portion of damages accrued, the court focused on the broader cause of action and the development of a cognizable interest. From the moment the debtor served his complaint on the employer in May 2001, the court considered the employer to have a prepetition, contingent, unliquidated, disputed claim against the debtor. *Gullone* at 687. See also *In re Kirkpatrick,* 216 B.R. 663 (Bankr. M.D. Fla.

8

1997) (where a postpetition award of attorney's fees for a prepetition suit was found to constitute a prepetition, contingent, unliquidated claim).

In this case, the Debtor's obligations arise out of events occurring in the prepetition period. On August 6, 2004, the Debtor was issued a summons for driving while intoxicated. Section 101(5)(A) of the Bankruptcy Code defines "claim" as a "right to payment, whether or not such right is reduced to judgment [or] . . . disputed." At the date of the complaint's issuance, NJ-MVC had a right to payment against the Debtor, despite the fact that judgment of conviction had not been entered and the Debtor may have disputed liability. While the obligation did not become fully mature until the date of conviction, NJ-MVC still held a claim under the expansive definition of the term as set forth in Code section 101(5). Because NJ-MVC's claim arose prepetition it was subject to discharge.

Although this court agrees with the Debtor that surcharges attributable to a prepetition motor vehicle violation have been discharged even where the conviction occurred postpetition, NJ-MVC had ample precedent stating that the date of conviction was relevant to determining whether a claim arose prepetition and, thus, was discharged. The court finds NJ-MVC proceeded in good faith to collect the surcharge for the DUI conviction and should not be sanctioned. Where there is a ground to doubt the wrongfulness of the conduct, there should be no adjudication of contempt. *Quinter v. Volkswagen of America,* 676 F.2d 969, 974 (3d Cir. 1982).

Nevertheless, NJ-MVC must refund any amounts it collected on the DUI surcharge.

## CONCLUSION

NJ-MVC violated the discharge injunction by sending collection notices regarding the

9

discharged surcharges relating to the prepetition violation and conviction for refusal to submit to a breathalyzer. Furthermore, NJ-MVC anticipates sending collection letters in 2007 for the third year's installment of the surcharge. NJ-MVC's excuse that its computer has not been programmed to stop these dunning letters following bankruptcy and its attempt to shift the burden to the Debtor to request a "bankruptcy hold" are unavailing. NJ-MVC is ordered to reimburse the Debtor for his attorney's fees of $1,500.00 plus the costs to reopen this case of $220.00.

      The surcharge arising from the prepetition DUI violation resulting in a postpetition conviction is a prepetition debt that has been discharged because the right to payment arises at the time of the violation. NJ-MVC is directed to refund to the Debtor all amounts collected on this discharged debt.

Dated: December 7, 2006            __/s/ **Raymond T. Lyons**_____
                                                          Raymond T. Lyons,
                                                          United States Bankruptcy Judge